## ESTATE OF ORMSBY HITE.

### No. 6825—Jan. 22, 1879.

DISTRIBUTION.—ASSIGNEE OF DECEASED HEIR ENTITLED TO HAVE ASSIGNED PROPERTY DIRECTLY DISTRIBUTED TO HIM, IN SATISFACTION OF A DEBT HELD BY THE ASSIGNEE AGAINST HEIR AND SECURED BY SUCH ASSIGNMENT.

But the Court cannot, to facilitate the transaction, order a sale of any real estate; as that would be in the province of the Court having jurisdiction of the estate of the deceased heir.

Nor can the Court distribute property to the holder of an assignment coupled with a defeasance in case of payment of the debt; inasmuch as such a transaction would be more in the nature of a mortgage than of a devesting of legal title.

Construing section, C. C. P., 1678.

*Cowles & Drown,* for administrator.

*Pringle & Hayne,* for assignee.

Deceased died intestate November 5, 1875, leaving his father his sole heir. The father, being indebted to A. M. Gazlay and Harvey Yeaman, late partners, in the sum of $854.45, made an assignment in writing to Gazlay and Yeaman of the property of said estate, to pay said indebtedness, and gave to them an order upon the administrator to pay to them said amount and interest thereon from February 12, 1876, at the rate of six per cent. per annum, and the expenses of collection. The writing contained a clause that "upon the payment of said debt, interest and expenses, by said administrator, or otherwise, to said Gazlay and Yeaman, their heirs and assigns, this deed shall be void." The father died August 24, 1876, leaving his wife and daughter his sole heirs. Yeaman has since died, and an administrator has been appointed, who joins with Gazlay in the petition that the amount of the debt, interest, and costs be distributed to Gazlay.

By the COURT: The writing was an assignment, at least to the extent of the money on hand, from the father to Gazlay and Yeaman of sufficient to pay the debt, interest, and expenses of collection, and Gazlay, as surviving partner, is entitled to distribution of the same. The widow and daughter of the father are entitled to distribution of the

balance of the property.   It is not clear that this Court can order any of the real estate to be sold for the purpose of paying this indebtedness of the father, as the father's estate is not under administration; nor can this court distribute the real estate to Gazlay, or any interest therein, on account of the defeasance in the writing.